LOUISA KELLERMAN, Plaintiff, *v.* HENRY A. LIBAIRE and Others, Defendants.

City Court of New York, New York County, May 1, 1930.

*Jonas N. Lewis,* for the plaintiff.

*Hollander & Bernheimer* [*Harry T. Zucker* of counsel], for the defendants.

STEUER, J. This is the customary stock brokerage action, wherein the plaintiff seeks to recover from her brokers for the conversion of certain securities in her account. The conversion is the selling out of the securities on or about October 29, 1929. Plaintiff sets out in her complaint the usual agreement by which the defendants, in the event that they deemed any margin or securities insufficient, might close out plaintiff's account without notice. Plaintiff further pleads a waiver of this provision. Two alleged acts of waiver are relied upon. The first is that in every prior instance where defendants deemed themselves insufficiently secured, notice was given to the plaintiff, allowing her a reasonable time to put up additional security, and she had put up such security. In regard to the instant transaction, plaintiff pleads that a notice was sent to her, which was not received until after the time given her to put up additional margin, and that this notice was not reasonable.

Defendants move to dismiss the complaint upon the ground that this last did not constitute a waiver within the rule of *Rosenthal* v.

*Brown* (247 N. Y. 479). Defendants' position is that this not being an opportunity given to the plaintiff to put up additional security, there is no waiver of the provision allowing securities to be sold without notice. The rule of the *Rosenthal* case is that where an opportunity is given a customer to put up additional security, there is a waiver of the provision that a broker may sell without notice, and that the broker may not thereafter sell until the subsequent time fixed by the parties unless he has given reasonable notice to the contrary. The case does not hold, as is frequently claimed, that where a notice is given, that notice must be reasonable. Reasonableness is required in giving notice of intention *to retract*. (*Small* v. *Housman*, 208 N. Y. 115.) However, the *Rosenthal* case does say that the broker may waive this provision by a course of conduct which leads the customer to believe that time will be given him to put up additional margin. The case does not restrict this course of conduct to each individual transaction, and a jury might find that a customer was so led by the broker's conduct in previous dealings. (See, also, *Toplitz* v. *Bauer*, 161 N. Y. 325, 333.)

The statement as to the ineffectual notice (paragraph 9) given on the day the sale constituting the alleged conversion took place is surplusage, because this notice could not lead plaintiff to believe that time would be extended to her, and is only material as a notice of retraction, which is a matter of defense. As to the previous extensions, which constitute the course of conduct relied upon as a waiver of the strict performance of the agreement, these are properly pleaded. The complaint, therefore, states sufficient facts to constitute a cause of action.

Motion to dismiss complaint denied, with ten dollars costs, and leave given defendant to serve an answer on or before May 8, 1930. Order signed.